UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

FILED

2004 OCT 25 P 2: 55

DISTRICT COURT
STERN DIST. TENN.

_____DEP. CLERK

BARRY K. PARKER, )
)
    Plaintiff, )
)
vs. ) Civil Action No. 4:04-CV-97
)
TOWN OF TRACY CITY BOARD )
OF MAYOR and ALDERMEN, DANNY )
THOMAS in his individual and official )
capacity as MAYOR OF TRACY CITY )
and GLENN CHURCH, in his )
individual and official capacity as )
Alderman, )
)
    Defendants. )

## COMPLAINT- JURY DEMAND

### INTRODUCTION

This an action for damages brought pursuant to the Civil Rights Act of 1964. The plaintiff seeks compensatory damages from the defendants and individual punitive damages against the defendants in their individual capacities.

### JURISDICTION

Jurisdiction of this court is invoked under, 28 U.S. C. §1331, and 28 U.S.C. § 1334. Plaintiff has complied with all the jurisdictional prerequisites under Title VII of the Civil Rights Act of 1964. The plaintiff received the Notice of Right to Sue on August 3, 2004, and timely filed this action within 90 days of receipt.

## PARTIES

1. The plaintiff is a citizen of the United States and resides in Coffee County, State of Tennessee.

2. The Board of Mayor and Aldermen is a subdivision of the Town of Tracy City and responsible for hiring and termination of police officers. The defendants Danny Thomas, former Mayor of Tracy City, and Glenn Church, Alderman, at all times relevant to this Complaint, were acting on behalf of Tracy City in Grundy County, Tennessee.

## FACTUAL ALLEGATIONS

3. The plaintiff began his employment with the Tracy City Police Department on January 22, 2003. The plaintiff completed the ninety-day probationary period on April 21, 2003.

4. During the week of May 5, 2004, Mayor Danny Thomas and the plaintiff were discussing a police matter during which time the plaintiff told him that he was part American Indian.

5. The Mayor questioned the plaintiff as to whether he was really Indian because Tracy City did not hire minorities because they were trouble. The plaintiff explained to the Mayor that his great grandmother was American Indian. The Mayor asked the plaintiff why he did not tell him that he was part Indian before he was hired.

2

6. Shortly thereafter Alderman Glenn Church approached the plaintiff and asked "Are you an Indian?" The plaintiff told him the same thing he told the Mayor.

7. Alderman Church responded that being an Indian was as bad as being a "Mexican" or a "nigger" and that the plaintiff should have told them that before he was hired.

8. Alderman Glenn Church stated that he did not want to hear what Plaintiff had to say and walked away while the plaintiff tried to explain his ancestral history.

9. On May 14, 2003, during the Board of Mayor and Aldermen meeting, defendant Glenn Church initiated the conversation concerning complaints received concerning the plaintiff employment. After discussion, the majority of board voted to decrease the police force to one less officer and terminated the plaintiff's employment

10. The Mayor stated the reason for termination was "Department was downsized". The plaintiff was "terminated at the end of the probationary period". The plaintiff completed the probationary period nearly three weeks before termination.

11. Shortly after the termination, Tracy City hired a lesser-qualified white male as a police officer.

12. The defendants' reason given for termination of employment was pretextual for discrimination against the plaintiff because of his upon national origin as Native American . The plaintiff's status as an American Indian was a substantial factor in the defendants' decision to terminate his employment.

3

13. The individual defendants' actions, complained of herein, were defiant, unlawful, malicious and committed in a reckless, wanton disregard with deliberate indifference of the plaintiff's rights and by reason thereof, the plaintiff demands exemplary or punitive damages.

**WHEREFORE PLAINTIFF PRAYS FOR:**

A. A jury of twelve to try this cause; and

B. Judgment against the defendant as follows:

1. Reinstatement and compensatory damages in the amount of $250,000;
2. Punitive damages in the amount of $100,000 against the individual defendants;
3. Lost wages, reinstatement and employment benefits, past and future;
4. A judgment for out-of-pocket losses, attorneys fees pursuant to 42 U.S.C. 1988 and discretionary costs;
5. Court cost, all other litigation expenses; and
6. Further relief as the Court deems proper and just.

Respectfully submitted,

Michelle M. Benjamin
Attorney for Plaintiff
P. O. Box 177
Winchester, TN 37398
(931) 962-0006

4

## OATH

STATE OF TENNESSEE )
)
COUNTY OF FRANKLIN )

I, **BARRY PARKER,** makes oath that I have read the statements contained in the Complaint and the statements made therein are true to the best of my knowledge, information and belief and in sincerity and truth for the causes mentioned.

_____
BARRY PARKER

**NOTARY SEAL**

Sworn to and subscribed before me, a Notary Public this 25th day of October 2004.

_____
Notary Public

My commission expires: 3-17-08

*Notary seal: LAURIE B. GRAHAM, NOTARY PUBLIC AT LARGE, FRANKLIN COUNTY TENNESSEE*